

# THE ATTORNEY GENERAL
# OF TEXAS

Gerald C. Mann
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Also see Opinion 0-339

March 8, 1939

Honorable A. M. Pribble
County Attorney
Mills County
Goldthwaite, Texas

Dear Sir:

Opinion No. 0-340

Re: Whether trustee appointed for
independent school district or-
ganized under Article 2757, R.C.S.,
by the Board of Trustees to fill a
vacancy, should serve out the un-
expired term of his predecessor
or only until the next trustee elec-
tion?

In your letter of February 10, 1939, you submit, among
other questions, the following:

"In an independent school district organized
under Art. 2757, Vernon's Texas Statutes, 1936, does
a trustee appointed by the board of trustees to fill a
vacancy serve out the unexpired term of the trustee
place he takes, or does he serve only until the next
trustee election?"

Chapter 13 of Title 49, Revised Civil Statutes, governs the
creation and regulation of school districts generally. Section one thereof
relates to common school districts, Section two to independent districts in
towns, and Section three to independent districts in cities.

Although the particular school in question falls within the
classification of Section 2 of Chapter 13, so as to be governed by Articles
2757 to 2767f, inclusive, we do not find within any of such articles the an-
swer to your specific question. Article 2758, Revised Civil Statutes, does,
however, contain this general provision regarding the board of trustees for
such districts:

"The said board of trustees of each of such inde-
pendent school districts incorporated under the provisions
of this Act shall have and exercise and are hereby vested
with all the rights, powers, privileges and duties conferred
and imposed upon the trustees and boards of trustees of in-
dependent school districts by the general laws of this State."

We must, therefore, look to the pertinent articles govern-
ing the affairs of independent school districts in cities, under Section 3 of
Chapter 13, to determine the law governing vacancy appointments of trustees

in the school district under consideration. In this connection, Article 2774a, Section 2, Revised Civil Statutes, provides for the election of a board of trustees, and with reference to a vacancy on such board, that "the members of the board remaining after a vacancy shall fill the same for the unexpired term."

Again, Article 2777a, Section 3, provides the election of a board of trustees for certain independent school districts, and, with reference to a vacancy on such board, provides that "the members of the Board remaining after a vacancy shall fill the same for the unexpired term."

From the express language of these statutes, which govern, by reference, school districts organized and existing under Article 2757, Revised Civil Statutes, it is our opinion and you are accordingly advised that in case of a vacancy on the board of trustees of such independent school district, the remaining members of the board shall fill such vacancy for the unexpired term, and such appointed trustee would serve for the balance of such term, rather than to the date of the next trustee election.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Pat M. Neff, Jr.
    Pat M. Neff, Jr.
    Assistant

PMN:N/cm

APPROVED

/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS